**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
UNITED STATES OF AMERICA**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>DUANE MCCOY,  )<br>    Defendant.  ) | Cause No.:   4:20-CR00240-JAR |

**DEFENDANT'S MOTION IN LIMINE**

COMES NOW Defendant, Duane McCoy, by and through undersigned counsel, and moves this Court to enter an Order in Limine prohibiting the United States Attorney or any witness from eliciting testimony about, introducing or attempting to introduce evidence about, mentioning or referring to, at any time during the course of trial, in the presence or the hearing of the jury, evidence of certain matters specified below.  In support, Defendant states as follows:

**STATEMENT OF RELEVANT FACTS**

1. Defendant is charged with the following offenses for an incident occurring on February 23, 2020: (1) Felon in Possession of One or More Firearms, (2) Possession with Intent to Distribute Fentanyl, (3) Possession with Intent to Distribute Methamphetamine, and (4) Possession of One or More Firearms in Furtherance of a Drug Trafficking Crime.

2. On February 23, 2020, L.T. called law enforcement regarding an individual flourishing a weapon at the intersection of Ashland and New Ashland Place in St. Louis, Missouri.  Officers Wells and Miles of the St. Louis Metropolitan Police Department, Sixth District, received the radio assignment for flourishing and began traveling to the incident location to meet with L.T.  In Officer Miles' report, he notes that District Five officers were on a

call earlier in the day for domestic assault.  Officer Miles noted that the domestic incident possibly involved the same suspect as the flourishing.  The District Five records concerning the domestic assault revealed that Defendant was accused by his girlfriend of punching her, shooting at her, and attempting sexual assault.

3. In reference to the domestic assault incident mentioned above, Detective McDonald and Detective Monzell Scott were able to in interview Defendant's girlfriend (CG) and get her statement. CG stated that Defendant returned home after being out all night and that she was in bed sleeping at the time he arrived home. CG stated that Defendant then entered the bedroom and began yelling obscenities at her. Defendant then accused CG of having an affair and having the male she was involved in the affair with over to their residence when Defendant was not home. Defendant continued accusing CG of having an affair which then led to Defendant punching CG multiple times in the face and head. CG stated that blood was pouring down he face and into her eyes, and when Defendant noticed the blood, he ran out of the room. CG stated that she then attempted to escape by running out the back door into the alley behind her residence. As CG ran out the back door, of the residence she saw Defendant was chasing her, and immediately she saw and heard two-to-three-gun shots fired at her from a firearm. CG stated that the weapon was either black or silver but could not tell for sure.

4. Later, on the same day the domestic assault incident occurred between Defendant and CG, L.T. called the police to report the incident mentioned in fact #2.  Upon arrival at Ashland and New Ashland Place, Officers Wells and Miles met with L.T.  L.T. informed officer that he was traveling westbound on Ashland approaching Rolla Place.  L.T. stated that he

observed a black male walking north on Rolla Place carrying a firearm in each hand.  L.T. stated that the black male raised his right hand and pointed a silver handgun at him.

5. Three, additional dispatch calls were received by Officers Wells and Miles regarding a black male carrying firearms who they presumed to be the same individual accused by L.T.

6. St. Louis Metropolitan Police Officer Dresch observed a subject carrying two firearms while walking south in front of 5211 Euclid Avenue.  Finding that the subject fit the description of the suspect wanted for the flourishing of L.T., Officer Dresch ordered the subject to the ground.  The subject was later identified as Defendant.  Officer Griffin arrived on scene and placed Defendant in handcuffs.

7. The firearms carried by Defendant were secured.  Subsequent investigation revealed that one firearm—a black Glock 21, .45 caliber, serial number YUT114—was stolen.

## STATEMENT OF APPLICABLE LAW

8. Rule 401 of the Federal Rules of Evidence provides the test for whether or not the evidence in question is relevant. "Evidence is relevant if:

   a. It has any tendency to make a fact more or less probable than it would be without the evidence; and

   b. the fact is of consequence in determining the action."  Fed. R. Evid. 401.

9. Rule 403 of the Federal Rules of Evidence states that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Fed. R. Evid. 403.

10. Rule 404(b) of the Federal Rules of Evidence permits the United States to introduce evidence of other crimes, wrongs, or acts to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 4049(b).

## ARGUMENT

11. The above-mentioned facts make no fact in this case more or less probable. Additionally, none of the above-mentioned facts are of consequence in determining the current action.

12. If the Court were to determine that the above-mentioned facts were in some way relevant, the Court here should exclude this relevant evidence due to its probative value being substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

13. Any argument that the above-mentioned facts fall within the purview of Rule 404(b) is misplaced. None of the facts mentioned show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

WHEREFORE Defendant respectfully moves this Honorable Court to enter an Order in Limine sought herein.

Respectfully Submitted,

 /s/ Robert Taaffe
Robert Taaffe, Jr., #49537MO
Attorney for Defendant

Taaffe & Associates
1015 Locust St., Ste. 1032
St. Louis, MO 63101
P: (314) 241-3700
F: (314) 241-3710
robert@taaffeandassociates.com

<u>Certificate of Service</u>

 I hereby certify that on this 17th day of March, 2022, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court in the United States District Court, Eastern District of Missouri and served by operation of the Court's electronic filing system upon all attorneys of record.

 <u>/s/ Robert Taaffe</u>
Robert Taaffe, Jr., #49537MO
Attorney for Defendant