UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-CR-00240 JAR |
| | ) |
| DUANE MCCOY, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES OF AMERICA'S MOTION IN LIMINE FOR ADMISSION OF INTRINSIC EVIDENCE AND EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT**

The United States seeks to introduce evidence of the events leading up to the defendant's arrest on February 23, 2020. This evidence is intrinsic to the charges in the indictment. Should the Court determine any of the evidence is not intrinsic, the United States will move to admit the evidence pursuant to Federal Rule of Evidence 404(b), subject to the development of the record.

In this case, the defendant is charged in count one with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1). The defendant is charged in count two with possessing a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c). In both counts, an element of the offense is that the defendant *possessed a firearm*. As such, the United States must prove, beyond a reasonable doubt, that the defendant possessed a firearm on February 23, 2020. Thus, any evidence that the defendant possessed a firearm on February 23, 2020 is intrinsic evidence of the crimes charged.

1. **Intrinsic Evidence Background**

In *United States v. Young*, the Eighth Circuit affirmed the trial court's admission of evidence of the defendants' other wrongful conduct, finding that Rule 404(b) did not bar the

1

admission of evidence of other wrongful conduct to prove the circumstances and context of the charged crimes. 753 F.3d 757, 770 (8th Cir. 2014). The Court explained that Rule 404(b) applies only to extrinsic, not intrinsic, evidence and discussed the qualities of intrinsic evidence. 'Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred.' 'Such evidence is admitted because the other crime evidence 'completes the story' or provides a 'total picture' of the charged crime.'" *Id.* (internal citations omitted). "Intrinsic evidence may help to fill the gaps in the jury's understanding of the crime charged. We have also determined that intrinsic evidence is 'inextricably intertwined as an integral part of the immediate context of the crime charged.'" *Id.*

"Consequently, intrinsic evidence includes both evidence that is inextricably intertwined with the crime charged as well as evidence that merely 'completes the story' or provides context to the charged crime." *Id.* Furthermore, in *United States v. Thomas*, the Eighth Circuit affirmed held that "[a] jury is entitled to know the circumstances and background of a criminal charge. It cannot be expected to make its decision in a void—without knowledge of time, place, and circumstances of the acts which form the basis of the charge." 760 F.3d 879, 884 (8th Cir. 2014). The Court stated:

> [W]hen evidence of other crimes is so blended or connected, with the one on trial as that proof of one incidentally involves the other; or explains the circumstances thereof; or tends logically to prove any element of the crime charged, it is admissible as an integral part of the immediate context of the crime charged. Thus, intrinsic, or *res gestae*, evidence may implicate the defendant in other acts or crimes.

*Id.* (some internal citations omitted) (citing *United States v. Fleck*, 413 F.3d 883, 890 (8th Cir. 2005); *United States v. LaDue*, 561 F.3d 855, 858 (8th Cir. 2009)).

If the evidence is intrinsic to the charged offense, then Rule 404(b) does not prevent the admission of other wrongful conduct. *United States v. Brooks*, 715 F.3d 1069, 1076 (8th Cir.

2

2013). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred. Such evidence is admitted because the other crime evidence completes the story or provides a total picture of the charged crime." *Brooks*, 715 F.3d at 1076 (*quoting United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010)). See also *United States v. Tyerman*, 701 F.3d 552, 562 (8th Cir. 2012). Such evidence is also "subject to the dictates of Rule 403, which requires that the probative value of evidence is not substantially outweighed by the danger of unfair prejudice. *United States v. Adams*, 401 F.3d 886, 899 (8th Cir. 2005). *See also United States v. Buckner*, 868 F.3d 684 (8th Cir. 2017) (holding that "[i]ntrinsic evidence 'provides a total picture of the charged crime' or 'tends logically to prove [an] element of the crime charged,' and is subject to testing under regular principles of admissibility.") (internal citations omitted).

   **2. The circumstances leading up to the defendant's arrest on February 23, 2020**

The United States intends to present evidence that St. Louis Metropolitan Police Department officers responded to a 911 call for a shooting at 4038 St. Louis Avenue. Upon arrival, officers learned that the defendant and his children's mother, C.G., argued and an altercation ensued. That altercation culminated in the defendant firing shots at C.G. Officers briefly spoke with C.G. and collected ballistic shell casings in front of 4038 St. Louis Avenue. Shortly after officers responded to 4038 St. Louis Avenue, a series of 911 calls were made over approximately 60 minutes. All of the 911 callers reported an individual in all white clothing (matching the defendant's description) was walking down public streets armed with firearms. Leotis Tate, one of the 911 callers, reported that an individual pointed one of the firearms at Tate, while Tate sat in his vehicle at a stop sign. When the Defendant was arrested in the area of the last 911 call, officers

brought Tate to the scene of the arrest and Tate identified the Defendant as the person who pointed a firearm at him.

Here, as in *Young*, the proffered evidence provides a "total picture" of the crime charged. Rule 404(b) has no bearing on the admissibility of intrinsic evidence providing direct proof of the existence of the defendant's possession of firearms. This evidence provides a total picture of the charged crime *and* logically proves an element of the crime charged, to wit: that the defendant possessed one or more firearms on February 23, 2020, an element the United States must prove both with regard to Count One and Count Four.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*s/ Jennifer L. Szczucinski*
JENNIFER L. SZCZUCINSKI #56906MO
Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, MO 63102
(314) 539-2200

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2022, the foregoing was filed electronically with the Clerk of the Court to be served upon Counsel of record.

*s/ Jennifer L. Szczucinski*
JENNIFER L. SZCZUCINSKI, #56906MO
Assistant United States Attorney